UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IMARI RONRICO BROWN,

                    Plaintiff,

  v.                                    Case No. 25-cv-1086-pp

UNKNOWN,

                    Defendant.

---

## ORDER VACATING ORDER AND JUDGMENT DISMISSING CASE (DKT. NOS. 14, 15), REOPENING CASE, REINSTATING AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

Plaintiff Imari RonRico Brown, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights when he was confined at the Milwaukee County Community Reintegration Center. On December 31, 2025, the court dismissed the case and entered judgment based on the plaintiff's failure to pay the initial partial filing fee. Dkt. Nos. 14, 15. The court subsequently granted in part the plaintiff's motion for an extension of time and to reopen the case; it ordered that the court would reopen the case if the plaintiff paid the balance of the initial partial filing fee by February 25, 2026. Dkt. No. 17. The plaintiff timely paid the balance of the initial partial filing fee. This order vacates the order and judgment dismissing the case, reopens the case, reinstates and grants the plaintiff's motion for leave to

1

proceed without prepaying the filing fee, dkt. no. 3, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 3)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On September 18, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $113.80. Dkt. No. 9. The court received that fee on February 20, 2026. When the court dismissed the case without prejudice, it denied as moot the plaintiff's motion for leave to proceed without prepaying the filing fee and ordered collection of the balance of the filing fee. Dkt. No. 14. The court will reinstate the plaintiff's motion for leave to proceed without prepaying the filing fee and will grant the motion.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally

2

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

      B.      <u>The Plaintiff's Allegations</u>

The plaintiff alleges that while confined at the Milwaukee County Community Reintegration Center, he was ignored and not seen by a doctor for over a month. Dkt. No. 1 at 4. He states that on July 9, 17, 19 and 21, 2025, Lieutenant Abdullah McGhee forced him to walk up and down stairs multiple times. <u>Id.</u> at 5. The plaintiff alleges that he has serious and unbearable pain in his lower back, the bottoms of both of his feet, his right hip and his right knee. <u>Id.</u> He allegedly did not receive any medical treatment. <u>Id.</u>

The plaintiff alleges that he submitted a grievance stating

> (1) I can't walk a certain distance. (2) I can't stand for a certain amount of time. (3) I suppose to be taking hygiene baths instead of showers due to the type of surgery I had cause I need support to hold on to something. (4) I suppose to have my own shoes instead of these uncomfortable sandals that gives me to support due to the nerve damage in my feet. (5) They don't have me no meds. (6) no extra mattress.

<u>Id.</u> at 7 (as in original). The plaintiff states that "the[y]" gave him the runaround, telling him he was seen, but that he was not seen by a doctor for over a month. <u>Id.</u>

The plaintiff seeks compensatory damages for medical pain, suffering, "mental PTSD" and therapy issues. <u>Id.</u>

      C.      <u>Analysis</u>

The plaintiff states that he was confined at the Reintegration Center on a "VOP hold", presumably for violation of probation. <u>Id.</u> at 4. Because the plaintiff

4

already has been convicted of a crime, the court will analyze his claim under the Eighth Amendment.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff alleges that he suffers from severe pain in his lower back, the bottoms of his feet, his right hip and right knee, and that he cannot walk or stand for very long. The plaintiff has plausibly alleged that he has a serious medical need. The plaintiff also alleges that despite his medical condition, Lieutenant McGhee forced him to walk up and down stairs multiple times. The plaintiff has plausibly alleged that McGhee disregarded a substantial risk to

5

the plaintiff's health. The plaintiff may proceed on an Eighth Amendment claim against McGhee in his individual capacity. The plaintiff did not name any defendants in the caption of the complaint. The court will add McGhee as a defendant. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555-56 (7th Cir. 1996) (noting that courts are charged with assisting *pro se* litigants who state allegations against individuals not necessarily named in the caption of their complaint).

The plaintiff also alleges that he was not seen by a doctor for over a month, but he has not sued any defendants regarding these allegations. The plaintiff may not proceed on a claim based on allegations that he was not seen by a doctor for over a month at the Reintegration Center.

### III. Conclusion

The court **VACATES** its order dismissing the case without prejudice and its judgment. Dkt. Nos. 14, 15. The court **DIRECTS** the clerk's office to **REOPEN** this case.

The court **REINSTATES** the plaintiff's motion for leave to proceed without prepaying the filing fee and **GRANTS** the motion. Dkt. No. 3.

The court **DIRECTS** the clerk's office to substitute Lieutenant Abdullah McGhee as a defendant in place of "Unknown."

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Abdullah McGhee.

6

Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

7

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of June, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

8